IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAEID AZAMTARRAHIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-00188 |
| ) | Judge Campbell / Knowles |
| JOHN GRANT, FEDERAL BUREAU ) | |
| OF INVESTIGATION, and UNITED ) | |
| STATES DEPARTMENT OF JUSTICE ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss, or Alternatively, For Summary Judgment filed by Defendants Special Agent Grant, Federal Bureau of Investigation ("FBI"), and Department of Justice ("DOJ"). Docket No. 21. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 28); a Certification from United States Attorney Jerry Martin that Defendant Grant was acting within the scope of his employment as an employee of the United States at the time of the relevant incidents (Docket No. 23); and the Declarations of Defendant Grant (Docket No. 24), David Hardy (Docket No. 25), and Shawn Thomas (Docket No. 26).

Plaintiff has not filed a Response.

Plaintiff, pro se, filed the instant action alleging "violations of Plaintiff's Civil Rights, Racial Profiling, Intentional infliction of emotional/mental distress, Harassment, Negligent

1

infliction of emotional/mental distress, Oppression, Intimidation, Discrimination, tort of outrage, Nonfeasance, neglect, abuse of discretion, Administrative Procedures Act, official misconduct, Freedom of Information Act." Docket No. 1. Plaintiff sues Special Agent Grant, FBI Nashville, FBI Headquarters, Jerry Martin, Eric Holder, and the DOJ.[1] *Id.* Plaintiff seeks an Order requiring Defendants to answer the complaint; an award of "punitive damages and exemplary damages"; any and all statutory attorney fees, costs, and expenses; any "other relief as the Court deems just and proper"; an award of "nominal damages" and "trebel damages"; an Order requiring each Defendant to issue a formal hand-written apology to Plaintiff within 30 days of the judgment; the issuance of a Writ of Mandamus requiring Defendants to investigate his complaint, review the local investigation, and give Plaintiff a full and reasonable written response to his complaint within 30 days of the judgment; an Order requiring Defendants to release the name of the Agent within 30 days of the judgment; and an Order requiring Defendants to send all Plaintiff's requests to Plaintiff's address via United States First Class Postal mail with postage pre-paid by Defendants within 30 days of the judgment. *Id.*

Defendants argue that Plaintiff's Complaint should be dismissed with prejudice because: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted; (2) Plaintiff's tort claims must be dismissed because Defendant Grant was acting in the official scope of his federal employment, such that the only tort remedy available to Plaintiff would be under the Federal Tort Claims Act, which requires that Plaintiff exhaust his administrative remedies, and Plaintiff has not done; so (3) Plaintiff's official capacity constitutional claims against Defendants

---

[1]Defendants Jerry Martin and Eric Holder were terminated as parties in this action in an Order entered March 9, 2011. Docket No. 4.

must be dismissed because such claims are actually claims against the United States, which has not waived its sovereign immunity from suits for damages based on assertions that its employee's conduct has violated the Constitution; (4) to the extent that Plaintiff's Complaint can be construed to allege a *Bivens* action against Defendant Grant in his individual capacity, that claim must fail as Defendant Grant has qualified immunity from suit; and (5) the references in the Complaint to the Freedom of Information Act and the Administrative Procedure act fail to allege sufficient facts to state a claim upon which relief can be granted, and fail as a matter of law. Docket No. 28.

For the reasons discussed below, the undersigned analyzes the pending Motion as a Motion to Dismiss, and recommends that Defendants' Motion to Dismiss be GRANTED.

## **II. Allegations of the Complaint**

The allegations of Plaintiff's Complaint relating to the instant Defendants, in their entirety, are as follows:

> Shortly after Plaintiff had entered [Hooters] (about fifteen minutes later), Federal Bureau of Investigation (FBI) Special Agent Grant approached Plaintiff, removed Plaintiff's hat from the bar stool next to Plaintiff, and sat down on the bar stool next to Plaintiff. Neither Plaintiff nor anyone in the vicinity gave the agent permission to move Plaintiff's hat or sit next to Plaintiff. At the time, the restaurant was neither crowded nor busy. Other bar stools were available and unoccupied, even one that was two bar stools away from Plaintiff. Yet, the agent chose to sit so close to Plaintiff as to invade his personal space. The agent showed Plaintiff his FBI credentials. He showed Plaintiff two copies of the same security camera picture of Plaintiff as he was boarding a Metropolitan Transit Authority bus, asking "Is this how you dress?" He said, "You are making people uncomfortable," but he did not specify whom. He said, "I want to make sure you are not a threat to yourself or others", but he did not state why. He also said, "you have to understand these times." He did not specify what Plaintiff needed to understand or what he meant by "these

3

times". The agent asked for Plaintiff's identification. Plaintiff gave it to him. He proceeded to slowly write on a legal pad as he looked at Plaintiff's identification in his hands. The legal pad was already full of written personal details about him. Plaintiff told him, "I already answered the police officer's questions." The agent said "I'd hate to look in your background and find something." He asked Plaintiff if he knew how to read. He insulted Plaintiff by calling him a derogatory name. He said to Plaintiff, "Listen here, you little turd." The manager of the restaurant intervened at which point the agent gave Plaintiff back his identification. The agent continued to badger an unresponsive Plaintiff with questions and remarks while Plaintiff ate his meal. The agent continued to sit on the stool after Plaintiff paid for his meal, picked up his hat, and left the restaurant. The agent did not order, eat, or drink anything while Plaintiff was in the restaurant. The agent never gave a reason for his questioning. The agent did not search or ask to search Plaintiff's person. The agent never apologized for his behavior. FBI Special Agent Grant is a middle-aged, overweight, olive skinned male with long dark hair and mustache. He has the skin complexion and features of a Hispanic, central/west Asian, Mediterranean, North African, or Semite. He may be mixed race. He is not white/Anglo, black/African, or oriental/east Asian. Plaintiff describes him since he is not sure of his name. Plaintiff called the Nashville FBI field office for his name three separate times. Each time a different person took down Plaintiff's information, but never called Plaintiff back. Plaintiff wrote the Nashville FBI field office, FBI headquarters, and the United States Department of Justice (USDOJ), asking for his name with no response from any of them.

. . . On October 14, 2010, Plaintiff filed a complaint with the Nashville FBI field office by telephone. A woman called Plaintiff back saying that she found the guy, but did not disclose his name. On or around October 21, 2010, two FBI agents came to Plaintiff's residence asking for Plaintiff. One of the agents may have been Special Agent Grant. . . . In November/December 2010, Plaintiff complained to the USDOJ Office of the Inspector General online and by mail. Plaintiff received no response. In November 2010, Plaintiff complained in writing to the USDOJ Attorney General and requested an investigation of his complaint and a full and reasonable response to his complaint. Plaintiff received no response. In December 2010, Plaintiff complained again to the USDOJ Attorney General and again requested an investigation of his complaint and a full and reasonable response to his complaint.

> This time he attached Exhibit A and requested a review of the local investigation as well. Plaintiff received no response. In January 2011, Plaintiff asked the Inspector General in writing if she received the complaint he sent in November/December 2010. She did not respond.

Docket No. 1, p. 3-4.

## III. Applicable Law and Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

### B. Analysis of the Case at Bar

Taking the allegations of Plaintiff's Complaint as true, Plaintiff's Complaint fails to contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Allen*, 411 F.3d at 716. Plaintiff proffers no factual allegations that "state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. At 1965.

Plaintiff presumably seeks to raise claims against Special Agent Grant under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Court held that a violation of the Fourth Amendment's protection against unreasonable searches and seizures by a federal agent acting under color of his authority gives rise to a cause of action for damages. 403 U.S. at 389.

In the case at bar, however, Plaintiff fails to supply any factual allegations which would support a conclusion that any of Plaintiff's federally-protected rights, including his Fourth

Amendment rights, were violated by Special Agent Grant. Plaintiff's Complaint specifically states, "The agent did not search or ask to search Plaintiff's person." Docket No. 1, p. 3. At most, it appears that Special Agent Grant sat next to Plaintiff in a public place, asked Plaintiff several questions, and made a couple of statements, some or all of which offended Plaintiff. Such conduct gives rise to no cause of action of which this Court is aware.

Plaintiff's claims against the FBI and the Department of Justice are apparently based upon the actions of Special Agent Grant. Because Plaintiff has failed to state a claim upon which relief can be granted as to Special Agent Grant, he has also failed to state a claim against the FBI or the Department of Justice.

Thus, Plaintiff's claims under federal law should be dismissed, and the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims. *Gibbs v. United Mine Workers,* 383 U.S. 715 (1966).

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion be GRANTED IN PART, as follows. Plaintiff's federal claims against Defendants should be dismissed with prejudice. Plaintiff's state law claims should be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge